NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 3 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUSTIN PAULO,<br><br>      Plaintiff - Appellee,<br><br>  v.<br><br>BRIAN WILLIAMS; JULIE MATOUSEK; MONIQUE HUBBARD-PICKETT; BOB FAULKNER; Doctor ALBERT CASTELLAN; Doctor LOUISA SANDERS; HAROLD WICKHAM; JAYMIE CABRERA; JEREMY BEAN; JULIO CALDERIN; Doctor MARTIN NAUGHTON; MICHAEL MINEV; N. PERET; Doctor CRAIG ROSE; RICHARD SNYDER,<br><br>      Defendants - Appellants. | No. 24-1083<br><br>D.C. No.<br>2:19-cv-00474-CDS-NJK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Cristina D. Silva, District Judge, Presiding

Argued and Submitted June 6, 2025
Submission Withdrawn July 10, 2025
Resubmitted December 3, 2025
Pasadena, California

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: HURWITZ, MILLER, and SUNG, Circuit Judges.

In this 42 U.S.C. § 1983 action, Justin Paulo asserts that Nevada Department of Corrections ("NDOC") officials violated the First, Eighth, and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The district court granted summary judgment to Defendants on Paulo's Eighth Amendment claim based on inadequate outdoor exercise time, concluding that Paulo had failed to exhaust the prison's grievance process before he filed his initial complaint. The district court granted summary judgment to Paulo on his Free Exercise and RLUIPA claims and denied Defendant Julio Calderin qualified immunity from damages on Paulo's Free Exercise claim. The court then granted Paulo's motion for certification of final judgment on his outdoor exercise claim, and Paulo timely appealed (Appeal No. 24-23). Approximately two months later, Defendants appealed the district court's denial of qualified immunity (Appeal No. 24-1083).

In a memorandum disposition filed on July 10, 2025, we vacated the summary judgment to Defendants on Paulo's outdoor exercise claim (Appeal No. 24-23) because the district court erred in holding that Paulo failed to exhaust the prison's grievance process as required by the Prison Litigation Reform Act ("PLRA"). We also severed Defendants' appeal of the district court's denial of qualified immunity (Appeal No. 24-1083) and held it in abeyance pending issuance

2                                                                                          24-1083

of the mandate in *McNeil v. Gittere*, No. 23-3080.  The mandate has issued in *McNeil*.  Accordingly, the case is returned to active status.  Applying our holding in *McNeil*, we conclude that Defendants' appeal is untimely and dismiss it for lack of jurisdiction.

"Timeliness of an appeal in a civil case is jurisdictional . . . and is defined by 28 U.S.C. § 2107."  *McNeil v. Gittere*, 150 F.4th 1205, 1207—08 (9th Cir. 2025) (citing *Bowles v. Russell*, 551 U.S. 205, 209–10 (2007)).  Section 2107(a) provides that "no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed[ ] within thirty days after the entry of such judgment, order or decree."  28 U.S.C. § 2107(a).  Defendants filed their notice of cross-appeal on February 23, 2024, more than 30 days after the district court's September 25, 2023 summary judgment order denying qualified immunity.

Defendants argue that their appeal is nonetheless timely because the district court never issued a "separate document" on its denial of qualified immunity.  According to Defendants, under Federal Rule of Civil Procedure 58, when the district court does not file a "separate document" on a judgment, "entry" for the purposes of the deadline to appeal occurs 150 days after the order was entered on the docket.  *See* Fed. R. Civ. P. 58(c)(2) ("[J]udgment is entered . . . if a separate document is required, when the judgment is entered in the civil docket under Rule

79(a) and the earlier of these events occurs: (A) it is set out in a separate document; or (B) 150 days have run from the entry in the civil docket.").  Therefore, Defendants argue, the deadline to appeal the district court's denial of qualified immunity was 180 days after entry of judgment on the docket—30 days after the 150 days allowed by Rule 58.

*McNeil* forecloses Defendants' argument.  As we explained in *McNeil*, "[u]nder 28 U.S.C. § 2107(a)'s plain language, 'entry' of an immediately appealable collateral order occurs when the district court files the order on the civil docket."  150 F.4th 1205, 1210—11 (9th Cir. 2025).  "To the extent the Rules allow more time to appeal collateral orders with no corresponding separate document, the Rules conflict with the statute and are thus invalid."  *Id.* at 1209.  Because Defendants filed their notice of cross-appeal more than 30 days after entry of the district court's summary judgment order, the appeal is untimely, and we lack jurisdiction to review the case.

The appeal is **DISMISSED.**